**SO ORDERED.**

**SIGNED this 3 day of June, 2026.**

_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

FABIAN MOURICE WILLIAMS and
AUDREY CASSANDRA WILLIAMS

        DEBTOR.

CHAPTER **13**

CASE NO. **25-01950-5-DMW**

**CONSENT ORDER DENYING**
**RELIEF FROM THE AUTOMATIC STAY SUBJECT TO CONDITIONS**

THIS MATTER comes before the Court for relief from the automatic stay to allow Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander") to exercise its rights and remedies against its collateral under the Loan Documents (hereinafter defined). Based upon the consent, stipulation, and agreement of Santander, the Trustee, and the Debtor, the Court makes the following findings of fact and conclusions of law:

1.      This matter is a core proceeding pursuant to 28 U.S.C. §157, and the court has jurisdiction pursuant to 28 U.S.C. §§151, 157, and 1334.  The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Western District of North Carolina.

2.      The Debtor filed a voluntary petition under chapter 13 of title 11 on May 24, 2025.

3.      On or about March 2, 2022, Santander extended a loan to Audrey Cassandra Williams (the "Debtor") to finance the purchase of a 2018 Nissan Rogue, VIN No. 5N1AT2MT9JC733252 (the "Vehicle").

4.      In conjunction with this loan, the Debtor executed a Retail Installment Contract in favor of Santander in the principal amount of $20,900.69 (the "Contract").

5.      Santander has a perfected security interest in the Vehicle, as noted on the face of the Certificate of Title for the Vehicle (the "Certificate of Title").

6.      On or about July 23, 2025, the Debtor filed his Chapter 13 Plan (the "Plan") (D.I. 21), which provides for payment directly to Santander outside of the Plan.

7.      As of the entry of this Order, the Debtor was due for October 2025 with total arrears in the amount of $2,595.42.

8.      The Motion for Relief from Automatic Stay should be denied and the Automatic Stay should remain in effect so long as the Debtor complies with the following terms of adequate protection:

a)      The Debtor shall resume regular monthly payments directly to Santander beginning with the payment due on May 24, 2026.  If the May 24, 2026 regular payment is not received by Santander on or before 5:00 PM on May 24, 2026, then the automatic stay shall be immediately lifted to allow Santander to exercise its rights and remedies under the Contract and applicable laws.  Beginning with the May 24, 2026 payment and continuing for twelve (12) consecutive months, if any regular monthly payment is not received by Santander by 5:00 PM on the thirtieth (30th) day after the day on which it is due, then the automatic stay shall be immediately lifted to allow Santander to proceed

against the Vehicle in accordance with its Contract, Security Agreement and applicable law.

b)       The Debtor shall cure the post-petition arrearage of $2,595.42 through the April 2026 payment by making six (6) equal monthly payments of $432.57 with the first payment being due on May 24, 2026 and the subsequent payments being due on the twenty-fourth (24th) day of each month thereafter for a total of six consecutive months.  If any monthly cure payment is not received by Santander by 5:00 PM on the thirtieth (30th) day after the day on which it is due, then the automatic stay shall be immediately lifted to allow Santander to proceed against the Vehicle in accordance with its Contract, Security Agreement and applicable law.

c)       Santander shall be allowed a secured claim for its reasonable attorneys' fees and costs in the amount of $449.00, to be paid through the Chapter 13 Plan pursuant to the Trustee's standard disbursement procedures. The Trustee is authorized to increase the Plan base by the amount of such claim and/or extend the term of the Plan as necessary to provide for payment of these fees and costs.

d)       NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.       That so long as the Debtor complies with the terms of adequate protection set forth in Paragraph 8 of the Findings of Fact above, the automatic stay shall remain in effect.

2.       That if the Debtor fails to comply with any of the terms of adequate protection set forth above in Paragraph 8 of the Findings of Fact herein, the automatic stay shall be and hereby is dissolved to allow Santander to proceed against the Vehicle in accordance with applicable law and its security agreement.

3.      That the Debtor shall reimburse Santander for its reasonable attorneys' fees and expenses in the amount of $449.00 which shall be paid through the Chapter 13 Plan.

4.      That if the automatic stay is dissolved for failure to comply with the terms of this Order:

a.      The Debtor is ordered to immediately release the Vehicle to Santander or advise it of the location of the Vehicle and the name, address, and telephone number of any third party who has possession of the Vehicle.

b.      That Santander is allowed a period of one hundred twenty (120) days following the sale or subsequent disposition of the Vehicle to file an unsecured claim in this case for any outstanding deficiency balance remaining after sale or subsequent disposition of the Vehicle.

c.      That the lift of stay and subsequent turnover of the Vehicle shall be effective immediately upon entry of the Notice of Default/Notice of Lift of Stay pursuant to Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure, notwithstanding anything to the contrary in the Rules of Bankruptcy Procedure which might be applicable.

d.      That time is of the essence as to each and all of the provisions of this Order.

e.      That this Court shall, and hereby does, retain jurisdiction over this matter, the parties hereto, and the subject matter hereof, to the extent permitted under applicable law, for the entry of such other and further orders as are either necessary or appropriate to accomplish the foregoing.

WE CONSENT:

WOMBLE BOND DICKINSON (US) LLP

By:     /s/ Eudora F. S. Arthur

       EUDORA F. S. ARTHUR
       N.C. State Bar No. 59854
       555 Fayetteville Street, Suite 1100
       Raleigh, NC 27601
       Telephone: (919) 755-2148
       Email: dorie.arthur@wbd-us.com

       *Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

By:     /s/ Travis Sasser

       Travis Sasser
       Sasser Law Firm
       2000 Regency Parkway Suite 230
       Cary, NC 27518
       919-319-7400
       *Attorney for the Debtor*

NO OBJECTION:

       /s/ Michael Burnett
       Michael Burnett
       Office of the Chapter 13 Trustee
       P.O. Box 61039
       Raleigh, NC 27661-1039
       919-876-1355

END OF DOCUMENT